Opinion issued May 7, 2009                                             




 













In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00524-CR
____________

TRACY ANGELICA PEREZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
 Harris County, Texas
Trial Court Cause No. 1124589



 
MEMORANDUM OPINION
               Appellant, Tracey Angelica Perez, pleaded guilty to the offense of burglary
of a habitation.


 See Tex. Pen. Code Ann. § 30.02(a)(3) (Vernon 2008). Appellant’s
plea of guilty was made without a plea bargain agreement with the State. The trial
court deferred adjudication of guilt, and placed appellant on community supervision
for six years.  
               The State subsequently filed a motion to adjudicate guilt to which appellant
pleaded true to the allegations in the State’s motion to adjudicate without an agreed
punishment recommendation from State. Appellant also signed a written stipulation
of evidence that included a judicial confession. Following the hearing, the trial court
found the allegations in the State’s motion to adjudicate to be true, found appellant
guilty as originally charged, and sentenced appellant to confinement for 10 years. 
Appellant’s counsel filed timely notice of appeal.



               Appellant’s counsel on appeal has filed a brief stating that the record
presents no reversible error, that the appeal is without merit and is frivolous, and that
the appeal must be dismissed or affirmed. See Anders v. California, 386 U.S. 738,
87 S. Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal in these cases. Id. at 744, 87 S. Ct. at 1400; see also High v. State, 573
S.W.2d 807, 810 (Tex. Crim. App.1978). 
               Counsel represents that she has served a copy of the brief on appellant. 
Counsel also advised appellant of her right to examine the appellate record and file
a pro se brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 
More than 30 days have passed, and appellant has not filed a pro se brief. Having
reviewed the record and counsel’s brief, we agree that the appeal is frivolous and
without merit and that there is no reversible error. See Bledsoe v. State, 178 S.W.3d
824, 826-27(Tex. Crim. App. 2005). 
               We note that the trial court’s judgment reflects that appellant was convicted
of the offense of burglary of a habitation and includes the statement with intent to
commit theft. Appellant’s counsel has requested that the judgment be reformed to
reflect that appellant was convicted of the offense of burglary with commission of the
offense of theft as alleged in the charging instrument. Texas Penal Code 30.02
provides: A person commits an offense if, without the effective consent of the owner,
the person enters a building habitation and commits or attempts to commit a felony,
theft , or an assault. Tex. Pen. Code Ann. § 30.02 (a) (3) (Vernon Supp. 2008). 
               An appellate court has the power to correct and reform a trial court’s
judgment to make the record speak the truth when it has the necessary data and
information to do so. Nolan v. State, 39 SS.W.3d 697, 698 (Tex. App.—Houston [1st
Dist.] 2001, no pet.) (Citing Asberry v. State, 813 S. W. 2d 526, 529 (Tex. App.—
Dallas 1991, pet. ref’d); see also Tex. R. App. P. 43.2 (b). ). The record supports
modification of the judgment because the information properly alleged an offense
pursuant to Texas Penal Code § 30.02 (a) (3, and appellant stipulated to the
allegations contained in the charging instrument. Accordingly, the trial court’s
judgment is reformed to reflect that appellant was convicted of the offense of burglary
of a habitation with commission of the offense of theft.
               We affirm the judgment of the trial court as reformed, and we grant
counsel’s motion to withdraw.


 Attorney Patricia Segura must immediately send the
notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that
notice with the Clerk of this Court.
PER CURIAM
Panel consists of Justices Taft, Bland, and Sharp.
Do not publish. Tex. R. App. P. 47.4.